## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| SYNKLOUD TECHNOLOGIES, LLC, a Delaware limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No.  6:19-cv-00525 |
| v. | ) ) | |
| DROPBOX, INC., a Delaware corporation, | ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff SynKloud Technologies, LLC ("SynKloud" or "Plaintiff") hereby alleges for its Complaint for Patent Infringement against Dropbox, Inc. ("Dropbox" or "Defendant") the following:

### NATURE OF THE ACTION

1.      This is an action for patent infringement of United States Patent No. 7,457,880 (the "'880 Patent" or the "Patent-in-Suit") arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, seeking damages and other relief under 35 U.S.C. § 281, *et seq*.

### THE PARTIES

2.      Plaintiff SynKloud Technologies, LLC is a company organized under the laws of Delaware, with its principal place of business located at 124 Broadkill Road, #415, Milton, Delaware 19968.

3.      Defendant DropBox, Inc. is a corporation organized under the laws of Delaware with its principal place of business located at 333 Brannan Street, San Francisco, California 94107.  Dropbox's registered agent for Service of Process is located at Corporation Service

Company, d/b/a CSC, 211 E. 7th Street Suite 620, Austin, Texas 78701.

## JURSIDICTION AND VENUE

4.      This is an action for patent infringement arising under the provisions of the Patent Law of the United States of America, Title 35, United States Code.

5.      This Court has subject matter jurisdiction over SynKloud's claims under 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over the Defendant in this action because the Defendant has committed acts within the Western District of Texas giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over the Defendant would not offend traditional notions of fair play and substantial justice.  The Defendant, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, offering to sell and selling products and/or services that infringe the asserted Patent-in-Suit.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), (c) and/or 28 U.S.C. § 1400(b).  Defendant transacts business within this District and offers for sale in this District products that infringe the Patent-in-Suit.  Defendant is registered to do business in Texas. Defendant has a regular and established place of business in the Western District of Texas.  For example, Defendant has an office in Austin, Texas where it employs sales and user operations teams.  Dropbox chose Austin for its second U.S. location and has stated that in Austin, they are building out its "sales and channel, customer experience and people teams for the Americas." (https://www.dropbox.com/jobs/locations/austin as of August 23, 2019).

## PATENT OWNERSHIP AND EXCLUSIVE RIGHT TO SUE

8.      Plaintiff is the owner of the Patent-in-Suit asserted in this action and has the

exclusive right to sue and collect remedies for past, present, and future infringement of the Patent-in-Suit.

## ACCUSED PRODUCTS AND/OR SERVICES

9.      Defendant manufactures, provides, uses, sells, offers for sale, imports, and/or distributes infringing services for storage, including, for example, Dropbox Cloud Personal, Plus, Professional, Standard, Advanced, Business and/or Enterprise Versions, using infringing Dropbox servers that operate with client-side Dropbox software that is connected through wireless networks including, for example, Dropbox Mobile Applications, Web browser interface and/or Desktop Applications (collectively, "Accused Products and/or Services").

## ACTUAL NOTICE AND KNOWLEDGE OF THE PATENT-IN-SUIT

10.      Defendant had actual notice and/or knowledge of the Patent-in-Suit since at least June 10, 2019 when Plaintiff sent a follow up letter to a notice of patent infringement to Defendant, copy of the original attached as Exhibit 1, that explicitly listed the '880 Patent.

11.      Defendant has had knowledge of the Patent-in-Suit and its infringement since at least the filing of the Original Complaint in this action, or shortly thereafter, including by way of this lawsuit.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,457,880

12.      SynKloud reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

13.      On November 24, 2008, the '880 Patent, entitled "System using a single host to receive and redirect all file access commands for shared data storage device from other hosts on a network," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '880 Patent is attached as Exhibit 2.

14.    Defendant has infringed and continues to infringe at least claims 1, 3, 5, 9-14 of the '880 Patent under 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, the Accused Products and/or Services.

15.    As just one non-limiting example, set forth in the claim chart, attached as Exhibit 3, is a description of exemplary claim 1 of the '880 Patent.  Plaintiff reserves the right to modify this description, including on the basis of information it obtains during discovery.

16.    For example, the Accused Products and/or Services meet all of the claim limitations of claim 1 of the '880 Patent, set forth below with claim language in italics.  To the extent the preamble is limiting, the Accused Products and/or Services further include *a networked system for providing access to user data while preserving the data integrity of the user data*.



https://blogs.dropbox.com/tech/2016/05/inside-the-magic-pocket/

17.    The Accused Products and/or Services also comprise *a data storage device comprising the user data.*

## Dropbox Business Team Storage API

GetStorageReport

Storage Report Result. Each of the items in the storage report is an array of values, one value per day. If there is no data for a day, then the value will be None.

**start_date** *String* First date present in the results as 'YYYY-MM-DD' or None.

**total_usage** *List of (UInt64?)* Sum of the shared, unshared, and datastore usages, for each day. This field is optional.

**shared_usage** *List of (UInt64?)* Array of the combined size (bytes) of team members' shared folders, for each day. This field is optional.

**unshared_usage** *List of (UInt64?)* Array of the combined size (bytes) of team members' root namespaces, for each day. This field is optional.

**shared_folders** *List of (UInt64?)* Array of the number of shared folders owned by team members, for each day. This field is optional.

**member_storage_map** *List of (List of (StorageBucket))* Array of storage summaries of team members' account sizes. Each storage summary is an array of key, value pairs, where each pair describes a storage bucket. The key indicates the upper bound of the bucket and the value is the number of users in that bucket. There is one such summary per day. If there is no data for a day, the storage summary will be empty.

https://www.dropbox.com/developers/documentation/http/teams#team-reports-get_storage

18.    The Accused Products and/or Services include *a plurality of hosts coupled at a device level to the data storage device by way of a digital network.*

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /



https://blogs.dropbox.com/tech/2016/05/inside-the-magic-pocket/

19.    The Accused Products and/or Services further *include a resource lock providing exclusive access to the data storage device to one of the plurality of hosts at a time.*

# Whats a  conflicted copy?

A conflicted copy is a file that Dropbox creates when multiple people edit the same file at the same time.

There are three ways a conflicted copy can happen:

- Two users change the same file at the same time

- Someone edits a file offline while someone else edits the same file

- A file is left open on another user's computer, which Dropbox saves as a new edit—this is especially common when using applications with an auto-save feature

Note: The last version saved will always appear as the conflicted copy.



"Conflicted copy", the editor's username, and the save date will be added to the file name.

- For Dropbox Business: When Dropbox Badge notifies you that another person is editing a file, coordinate with that person to take turns editing

https://help.dropbox.com/syncing-uploads/conflicted-copy


20.     The Accused Products and/or Services further include software operation *wherein commands to the data storage device originating from any one of the plurality of hosts are directed to a first host, the first host redirecting all such commands to the data storage device.*



https://blogs.dropbox.com/tech/2016/03/magic-pocket-infrastructure/

/ / /

21.     Defendant has committed acts of infringement without license or authorization.
Defendant knew or should have known that its actions would cause direct and indirect
infringement of the '880 Patent.  On information and belief, Defendant acted with objective
recklessness by proceeding despite an objective high likelihood that its actions constituted
infringement of a valid patent.

22.     Defendant is also liable under 35 U.S.C. § 271(b) for actively inducing
infringement and continuing to actively induce infringement.  Defendant actively induces and
continues to induce its customers, distributors, end-users, vendors including customer-support
and/or manufacturers to infringe the '880 Patent.  On information and belief, Defendant
possessed a specific intent to induce infringement, and in fact did induce infringement, by
engaging in affirmative acts such as by selling and causing the Accused Products and/or Services
to be manufactured, by providing user guides, installation or instruction manuals, and other
training materials, by advertising and solicitation and otherwise providing sales-related materials,
and by instructing and/or demonstrating to customers, distributers, end-users, vendors including
customer-support and/or manufacturers the normal operation of the Accused Products and/or

Services that infringe the '880 Patent. Defendant is aware and/or willfully blind that these affirmative acts infringe and/or would induce infringement of the '880 Patent, of which it had knowledge.

23. Defendant is also liable under 35 U.S.C. § 271(c) for contributing to and continuing to contribute to the infringement of the '880 Patent by, among other things, providing seamless external storage capability that operates as internal storage in its Accused Products and/or Services and by encouraging, at a minimum, customers, distributors, end-users, vendors including customer-support and/or manufacturers in this District and elsewhere, to infringe the '880 Patent. By importing, exporting, manufacturing, distributing, selling, and/or providing the Accused Products and/or Services for their intended use to customers, distributors, end-users, vendors including customer-support and/or manufacturers, Defendant has, in the past and continues to contribute to the infringement of one or more claims of the '880 Patent. The Accused Products and/or Services are material to the inventions claimed in the '880 Patent, have no substantial non-infringing uses, and are known by Defendant (on information and belief) to be especially made or especially adapted for use in infringing the '880 Patent, and which are otherwise not staple articles of commerce suitable for substantial non-infringing use. Defendant is aware and/or willfully blind that these affirmative acts infringe and/or constitute contributory infringement of the '880 Patent, of which it had knowledge.

24. Defendant is liable for indirect infringement, *i.e.*, both inducement and contributory infringement, based on the direct infringement that is the result of activities performed by customers, distributors, end-users, vendors including customer-support and/or manufacturers who use all elements or perform all steps of one or more claims of the '880 Patent. For example, end users of Defendant's Accused Products and/or Services infringe, either

9

directly or under the doctrine of equivalents, one or more claims of the '880 Patent (*e.g.,* claims 1, 3, 5, 9-14) by configuring and dynamically resizing logical volumes.  At a minimum, Defendant is liable for the indirect infringement of claims 1, 3, 5, 9-14 of the '880 Patent.

25.     Defendant's conduct as alleged herein constitutes egregious behavior, and the infringement has been and continues to be willful.  As a result of Defendant's willful infringement of the '880 Patent, Plaintiff has suffered damages and will continue to suffer damages.

26.     Defendant will continue to infringe unless this Court enjoins Defendant and its agents, servants, employees, representatives and all others acting in active concert with it from infringing the '880 Patent.

27.     Plaintiff has been damaged as a result of Defendant's infringing conduct. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands trial by jury on all issues raised by the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

a)     A judgment that Defendant has willfully infringed the Patent-in-Suit;

b)     An injunction barring Defendant and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from further acts of infringement of the

10

Patent-in-Suit; alternatively, a judicial decree that Defendant pay an ongoing royalty in an

amount to be determined for continued infringement after the date of judgment;

      c)      An award of damages adequate to compensate for Defendant's infringement of

the Patent-in-Suit, and in no event less than a reasonable royalty for Defendant's acts of

infringement, including all pre-judgment and post-judgment interest at the maximum rate

permitted by law;

      d)      An award of trebled damages under 35 U.S.C. § 284;

      e)      A declaration that this case is exceptional under 35 U.S.C. § 285;

      f)      An award of Plaintiff's costs and attorney's fees under 35 U.S.C. § 285 and other

applicable law; and

      g)      Any other remedy to which Plaintiff may be entitled.


Dated: September 6, 2019

Of Counsel:

Deepali Brahmbhatt *(Pro Hac Vice Application forthcoming)*
dbrahmbhatt@onellp.com
ONE LLP
4000 MacArthur Blvd.,
East Tower, Suite 500
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

John Lord *(Pro Hac Vice Application forthcoming)*
jlord@onellp.com
ONE LLP
9301 Wilshire Blvd.,
Penthouse Suite
Beverly Hills, CA 90210
Telephone: (310) 866-5157
Facsimile: (310) 943-2085

Respectfully,

/s/ Kevin J. Terrazas
Kevin J. Terrazas (SBN 24060708)
kterrazas@clevelandterrazas.com
CLEVELAND TERRAZAS PLLC
4611 Bee Cave Road, Suite 306B
Austin, TX 78746
Telephone: (512) 680-3257

*Attorneys for Plaintiff SynKloud Technologies, LLC*