# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF TEXAS

# WACO DIVISION

| | |
|---|---|
| SYNKLOUD TECHNOLOGIES, LLC, <br><br> PLAINTIFF, <br><br> v. <br><br> DROPBOX, INC., <br><br> DEFENDANT. | Civil Action No. 6:19-cv-00525-ADA <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT DROPBOX, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION**

**TABLE OF CONTENTS**

I.   INTRODUCTION ..................................................................................................................1

II.  ARGUMENT........................................................................................................................1

     A.   SynKloud Offers No Persuasive Reason Why Any of the Private Factors
          Would Weigh Against Transfer ................................................................................1

     B.   SynKloud Offers No Persuasive Reason Why Any of the Public Factors
          Would Weigh Against Transfer ................................................................................4

III. CONCLUSION.....................................................................................................................5

i

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*In re Adobe Inc.*,
   No. 2020-126, 2020 WL 4308164 (Fed. Cir. July 28, 2020) ........................................... *passim*

*In re Apple Inc.*,
   No. 2020-127, 2020 WL 3249953 (Fed. Cir. June 16, 2020) ................................................2, 3

*In re Dropbox, Inc.*,
   No. 2020-130, 814 F. App'x 598 (Fed. Cir. July 28, 2020) ......................................................4

*Parus Holdings Inc. v. LG Electronics Inc.*,
   No. 6:19-cv-00432-ADA, 2020 WL 4905809 (W.D. Tex. Aug. 20, 2020) ..............................5

*In re Toyota Motor Corp.*,
   747 F.3d 1338 (Fed. Cir. 2014) .................................................................................................3

*In re Volkswagen of America, Inc.*,
   566 F.3d 1349 (Fed. Cir. 2009) .................................................................................................3

**Federal Statutes**

28 U.S.C. § 1404(a) ...........................................................................................................................5

**I.     INTRODUCTION**

As explained in Dropbox's motion for reconsideration, a straightforward application of the Federal Circuit's *Adobe* decision compels the transfer of this case to the Northern District of California because that forum is clearly more convenient.  *See In re Adobe Inc.*, No. 2020-126, 2020 WL 4308164 (Fed. Cir. July 28, 2020); *see also* ECF No. 61 ("Motion").  SynKloud's opposition to Dropbox's motion, ECF No. 67 ("Opp."), identifies no persuasive reason why this Court should reach a different conclusion in this case than the Federal Circuit reached in *Adobe*.

**II.    ARGUMENT**

    **A.     SynKloud Offers No Persuasive Reason Why Any of the Private Factors Would Weigh Against Transfer**

Flouting the Federal Circuit's *Adobe* decision, SynKloud argues that all four private factors—ease of access to sources of proof, compulsory process, cost of attendance, and practical problems—weigh against transfer.  SynKloud's arguments fail.

**Ease of Access to Sources of Proof.**  As set forth in Dropbox's Motion (at 8-9), the ease of access to sources of proof factor strongly favors transfer because, as in *Adobe*, Dropbox has documents, including source code, in the Northern District of California, and the "sources of proof" in the Western District of Texas are—at best—of marginal relevance.  *See Adobe*, 2020 WL 4308164, at *2 (finding that ease of access "significantly" favors transfer).  In response, SynKloud makes three arguments.  *First*, SynKloud argues that ease of access to documents is neutral because they may be transmitted electronically.  Opp. 4-5.  This Court already correctly rejected that argument.  ECF No. 43 ("Order") at 6-7.  Nothing has changed since the Court issued its Order.  *Second*, SynKloud attempts to minimize the overwhelming significance of Dropbox's witnesses in the Northern District of California by asserting that SynKloud is entitled to have all factual conflicts resolved in its favor.  *See* Opp. at 5.  That assertion is inconsistent

with Federal Circuit case law.  *See In re Apple Inc.*, No. 2020-127, 2020 WL 3249953, at *2 (Fed. Cir. June 16, 2020).  *Third*, SynKloud argues that this factor favors transfer because Dropbox did not submit declarations from the irrelevant current and former Dropbox employees in Austin that SynKloud found on LinkedIn.  Opp. at 5.  No decision of this Court or the Federal Circuit imposes such a requirement.  Moreover, Dropbox submitted a declaration from a witness knowledgeable about the accused technology that explained that none of Dropbox's Austin employees are or were responsible for the accused technology.  ECF No. 19-1.[1]

**Compulsory Process.**  As set forth in Dropbox's Motion (at 8-9), under *Adobe*, the availability of compulsory process factor also tips in favor of transfer because the best available evidence indicates that the inventor is in the Northern District of California.[2]  *See Adobe*, 2020 WL 4308164, at *2.  Therefore, according to the best available evidence, only a court in the Northern District of California has the power to require the inventor's attendance at trial.

**Cost of Attendance.**  As set forth in Dropbox's Motion (at 9), the cost of attendance factor weighs strongly in favor of transfer because the Northern District of California is the home district for the Dropbox witnesses, and SynKloud's employees are coming from outside both districts.  SynKloud argues that convenience of party witnesses merits "little weight."  Opp. at 7.  That proposition is inconsistent with Federal Circuit case law.  *See Apple*, 2020 WL 3249953, at

---

[1] Even if a small number of Dropbox employees in Austin possessed some relevant knowledge (they do not), that still would not be enough to tip the balance of this factor.

[2] This factor weighs even more strongly in favor of transfer than it did at the time of Dropbox's motion.  James Cowling and Sujay Jayakar, software engineers Dropbox identified as knowledgeable about the accused technology, ECF No. 19-1 ¶ 7, left Dropbox on August 21, and both currently reside in the San Francisco Bay Area.  While Mr. Cowling (but not Mr. Jayakar) will be temporarily relocating to Australia on August 31, he intends to return to the San Francisco Bay Area next year.  Naman Khan, vice president of marketing, ECF No. 19-1 ¶ 7, also left Dropbox in May 2020.  To the best of Dropbox's knowledge, Mr. Khan still resides in the San Francisco Bay Area.  Thus, Mr. Cowling, Mr. Jayakar, and Mr. Khan are additional third-party witnesses who will be subject to compulsory process in the Northern District of California, but not in this Court, at the time of trial.

*2. SynKloud also contends that the Western District of Texas is less expensive for the witnesses it identifies than the Northern District of California would be. Opp. at 7-8. But the Federal Circuit rejected this argument in *Adobe*, explaining that SynKloud's witnesses do not have an impact on this factor because they reside outside both districts. *See* 2020 WL 4308164, at *3 (citing *In re Toyota Motor Corp.*, 747 F.3d 1338, 1340 (Fed. Cir. 2014)). Moreover, Dropbox's witnesses reside in the San Francisco Bay Area. It would surely be less expensive for them to attend trial while staying at home than it would be to travel to Texas for a trial.

**Practical Problems.** As set forth in Dropbox's Motion (at 5-6), practical considerations favor transfer. After *Adobe*, a judge in the Northern District of California will hear the Adobe action and will therefore consider the same six patents asserted in the -526 action. As Dropbox explained in its separate motion to reconsider transfer of the -526 action, judicial economy therefore dictates transferring that case to the Northern District of California. *See, e.g.*, *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009). Once the -526 action is transferred to the Northern District of California, this case should follow because it involves only one additional patent, identical accused products, and overlapping trial witnesses. *Compare* ECF No. 19-1 ¶ 7, *with* -526 action, ECF No. 19-2 ¶ 8. Indeed, SynKloud itself previously argued that the "practical problems" factor weighed in favor of this case being litigated in the same forum as the -526 action. *See* ECF. No. 61-1 at 22.

Reversing course, SynKloud now argues that any overlap between this case and the other two is limited. For example, SynKloud emphasizes that *Adobe's* and Dropbox's accused products are unrelated to one another. Opp. at 8-9. But that comparison is irrelevant. There is efficiency to be gained by one judge hearing both this case and the -526 action in the Northern District of California and having the option of consolidating them for a single trial because the

3

identical *Dropbox* accused products are at issue in both.  In fact, elsewhere in its Opposition, SynKloud admits that both Dropbox cases involve the same accused products and/or services. *Compare* Opp. at 1, *with* -526 action, ECF No. 71 at 1.  Ultimately, the relevant question is whether practical problems compel keeping the Dropbox cases together.  They do.

      **B.**      **SynKloud Offers No Persuasive Reason Why Any of the Public Factors Would Weigh Against Transfer**

SynKloud argues that court congestion and local interests also weigh against transfer. Properly considered, neither factor does so.  Instead, the court congestion factor is neutral, and the local interests factor favors transfer.[3]

**Court Congestion.**  As Dropbox's Motion explained (at 6-7), *Adobe* holds that the court congestion factor is neutral.  The facts of this case and *Adobe* are identical with respect to this factor.  In response, SynKloud makes no attempt to distinguish *Adobe* and instead repeats the exact same arguments from its initial opposition to Dropbox's transfer motion, which the Federal Circuit squarely rejected.  *Compare* Opp. at 9-10, *with* ECF No. 23 at 16; *see Adobe*, 2020 WL 4308164, at *3 ("Nothing about the court's general ability to set a schedule directly speaks to" the issue of "whether there is an appreciable difference in docket congestion between the two forums"); *In re Dropbox, Inc.*, No. 2020-130, 814 F. App'x 598, 598 (Fed. Cir. July 28, 2020) ("[T]he scheduling order the district court relied on [in the Adobe and the Dropbox cases] did not speak to court congestion.").  SynKloud also argues that the Court should disregard the Federal Circuit's holding as inconsistent with Fifth Circuit law.  *See* Opp. at 3.  Even if that were correct (it is not), this Court cannot overrule the Federal Circuit.  This factor is neutral.

**Local Interest.**  As set forth in Dropbox's Motion (at 9-10), the local interest factor favors transfer because almost everything relevant to this case is in the Northern District of

---

[3] The parties previously agreed, and the Court determined, that the other two public factors are neutral. Order at 13.  That determination is unaffected by *Adobe*.

4

California, including (1) Dropbox's headquarters, (2) the development of the accused technology, (3) Dropbox employees who are knowledgeable about that technology, (4) the source code, and, likely (5) the inventor of the asserted patent. *E.g.*, ECF No. 19 at 1. In response, SynKloud ignores all these connections and argues that the local interest weighs against transfer because Dropbox has an office in the Western District of Texas. *See* Opp. at 10.[4] That office did not even exist at the time that the accused technology was designed or released, and it does not supply the accused technology to Dropbox's customers. *See* ECF No. 19-1 ¶¶ 6, 9. This factor favors transfer. *See Parus Holdings Inc. v. LG Elecs. Inc.*, No. 6:19-cv-00432-ADA, 2020 WL 4905809, at *7-8 (W.D. Tex. Aug. 20, 2020) (finding that local interests favored transfer because company developed accused technology in the Northern District of California).

\*   \*   \*

Ultimately, as the Federal Circuit explained in *Adobe*, "retaining this case in the Western District of Texas is not convenient for the parties and witnesses," nor is it "in the interest of justice or proper administration." *See* 2020 WL 4308164, at *3.

### III.  CONCLUSION

For the reasons set forth above and in Dropbox's previous filings, Dropbox respectfully requests that the Court reconsider its order denying Dropbox's motion to transfer under 28 U.S.C. § 1404(a) and that the Court transfer the case to the Northern District of California.

---

[4] In its section on the ease of access to sources of proof, SynKloud also argues that Dropbox "cannot deny" that Dropbox conducts business in the Western District of Texas. Opp. at 6-7. SynKloud's argument confuses personal jurisdiction and venue. Although this Court has jurisdiction, the Northern District of California is the clearly more convenient forum.

Dated: August 26, 2020

OF COUNSEL:

Gregory H. Lantier (*Pro Hac Vice*)
WILMER CUTLER PICKERING HALE
  & DORR LLP
1875 Pennsylvania Avenue
Washington DC 20006
Tel: (202) 663-6000
Email: gregory.lantier@wilmerhale.com

Liv Herriot (*Pro Hac Vice)*
WILMER CUTLER PICKERING HALE
  & DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 858-6000
Email: liv.herriot@wilmerhale.com

Monica Grewal (*Pro Hac Vice*)
Yvonne S. Lee (*Pro Hac Vice)*
WILMER CUTLER PICKERING HALE
  & DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Email: monica.grewal@wilmerhale.com
Email: yvonne.lee@wilmerhale.com

Josh Furman, Ph.D. (*Pro Hac Vice)*
WILMER CUTLER PICKERING HALE
  & DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Tel: (628) 235-1002
Email: josh.furman@wilmerhale.com

Respectfully submitted,

*/s/ J. Stephen Ravel*
J. Stephen Ravel
Texas State Bar No. 16584975
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, TX 78701
Tel: (512) 495-6429
Email: steve.ravel@kellyhart.com

*Attorneys for Dropbox, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on August 26, 2020 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

                                                */s/ J. Stephen Ravel*
                                                J. Stephen Ravel