IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SYNKLOUD TECHNOLOGIES, LLC, | |
| PLAINTIFF, | Civil Action No. 6:19-cv-00525-ADA |
| v. | |
| DROPBOX, INC., | **JURY TRIAL DEMANDED** |
| DEFENDANT. | |

**DEFENDANT DROPBOX, INC.'S SECOND NOTICE
OF SUPPLEMENTAL AUTHORITY**

Defendant Dropbox, Inc. respectfully submits this Second Notice of Supplemental Authority in support of its Motion for Reconsideration (Dkt. No. 61) of Dropbox's Opposed Motion to Transfer Venue to the Northern District of California (Dkt. No. 19).

**I.      The *Adobe* Transfer Order**

This Court recently ordered that SynKloud's co-pending suit against Adobe be transferred to the Northern District of California pursuant to 28 U.S.C. § 1404(a) and the Federal Circuit's order granting mandamus in *In re Adobe Inc.*, 823 F. App'x 929, 932 (Fed. Cir. July 28, 2020), *rehearing denied*, No. 2020-126 (Sept. 30, 2020).  *See* Order Transferring Case [Dkt. 60], *SynKloud Techs., LLC v. Adobe, Inc.*, No. 6:19-cv-00527-ADA (Nov. 3, 2020).  The transfer of the *Adobe* action has implications for Dropbox's pending motion for reconsideration.  Because this action, the co-pending action *SynKloud Technologies, LLC v. Dropbox, Inc.*, No. 6:19-cv-00526 (W.D. Tex.) ("the -526 action"), and the *Adobe* action involve overlapping witnesses, technologies, and issues, *see* Dkt. 61 at 5-6, practical considerations favor having all three actions

1

adjudicated by the same judge, as this Court previously found, *see* Dkt. 43 at 11.  A copy of the *Adobe* transfer order is attached as Exhibit A.

**II.     The Federal Circuit's Mandamus Order in *In re Apple***

In addition, the Federal Circuit recently issued an order granting mandamus relief in *In re Apple*, No. 2020-135, --- F.3d ---, 2020 WL 6554063 (Fed. Cir. Nov. 9, 2020).  A copy of the *Apple* decision is attached as Exhibit B.

The *Apple* decision applies the § 1404(a) factors in several relevant ways.  For example:

Access to sources of proof.  *Apple* clarifies that the "access to sources of proof" factor pertains only to "non-witness evidence, such as documents and other physical evidence."  2020 WL 6554063, at *4.  Looking at non-witness evidence alone, this Court previously found that "the location of the documents relevant in this case weighs towards transfer."  Dkt. 43 at 7.  Under *Apple*, that conclusion should be dispositive of this factor.

Practical problems.  The *Apple* opinion further held that the "practical considerations" factor favored transfer to a district where cases with "overlapping issues" were pending.  2020 WL 6554063, at *8 ("[I]t is beyond question that the ability to transfer a case to a district with numerous cases involving some overlapping issues weighs at least slightly in favor of such a transfer.").  This case and the -526 action involve many of the same witnesses, technologies, and issues, as noted above and in Dropbox's motion for reconsideration.  Dkt. 61 at 5-6.  *Apple* thus supports Dropbox's argument that the transfer of the *Adobe* action to the Northern District of California, and the potential corresponding transfer of the -526 action to the same, counsels in favor of transferring this case there, as well.

Court congestion.  *Apple* confirms that scheduling orders should not be used to ascertain relative levels of court congestion.  *See* 2020 WL 6554063, at *8.  And *Apple* establishes that, to

the extent there is an appreciable difference in court congestion between the relevant districts here, this factor favors transfer to the Northern District of California.  2020 WL 6554063, at *8.

Local interest.  *Apple* further explains that the local interest factor is not concerned with the parties' "connections to each forum writ large," but rather with the "significant connections between a particular venue *and the events that gave rise to a suit*."  2020 WL 6554063, at *9 (emphasis in original).  "The district court thus misapplied the law to the facts by so heavily weighing Apple's general contacts with the forum that are untethered to the lawsuit, such as Apple's general presence in [the Western District of Texas] and the state and local tax benefits it purportedly received from the district."  *Id.*  Under *Apple*, in the absence of a specific, case-relevant connection to the initial forum, the local interest factor favors transfer to the forum in which "the accused products were designed, developed, and tested" and in which the individuals whose work and reputation the lawsuit challenges reside.  *Id.*

The transfer of the *Adobe* case and the recent *Apple* decision accordingly support Dropbox's argument for reconsideration of the order denying transfer.

Dated: December 1, 2020                              Respectfully submitted,

                                                     /s/ J. Stephen Ravel
OF COUNSEL:                                          J. Stephen Ravel
                                                     Texas State Bar No. 16584975
Gregory H. Lantier (*Pro Hac Vice*)                  KELLY HART & HALLMAN LLP
WILMER CUTLER PICKERING HALE                         303 Colorado, Suite 2000
  & DORR LLP                                         Austin, TX 78701
1875 Pennsylvania Avenue                             Tel: (512) 495-6429
Washington DC 20006                                  Email: steve.ravel@kellyhart.com
Tel: (202) 663-6000
Email: gregory.lantier@wilmerhale.com                *Attorneys for Dropbox, Inc.*

Liv Herriot (*Pro Hac Vice)*
WILMER CUTLER PICKERING HALE
  & DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 858-6000
Email: liv.herriot@wilmerhale.com

Monica Grewal (*Pro Hac Vice*)
Yvonne S. Lee (*Pro Hac Vice)*
WILMER CUTLER PICKERING HALE
  & DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Email: monica.grewal@wilmerhale.com
Email: yvonne.lee@wilmerhale.com

Josh Furman, Ph.D. (*Pro Hac Vice)*
WILMER CUTLER PICKERING HALE
  & DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Tel: (628) 235-1002
Email: josh.furman@wilmerhale.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 1, 2020 all counsel of record who are deemed

to have consented to electronic service are being served with a copy of this document via the

Court's CM/ECF system.

*/s/ J. Stephen Ravel*
J. Stephen Ravel
